UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**CHARLES HUMPHREY,**                               Chapter 7
    Debtor                                       Case No. 14-15511-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Debtor's Representative's Supplemental Motion to Dismiss the Objection to Homestead Exemption Claimed by the Debtor filed by Creditors, Kelly Murray, Ronald Greenberg, and Ryan David Mannisto (collectively, the "Creditors"). The Debtor's Personal Representative, Charles R. Humphrey, Jr., seeks dismissal of the Objection and that it "be declared moot because the death of the Debtor results in the termination of the Debtor's interest in 160 Andover Street, Wilmington, MA and also the termination of the liens of the Objecting Creditors." The Court heard the Motion to Dismiss filed by the Debtor's Personal Representative, on December 2, 2015 and afforded the Creditors an opportunity to respond to the Motion to Dismiss. On December 16, 2015, the Creditors filed an Opposition to the Motion to Dismiss "premised on the fact that husband and wife no longer owned the property as tenants by the entirety from the time that the wife left the home and established another primary residence."

The material facts necessary to resolve the Motion to Dismiss are not in dispute. Neither party requested an evidentiary hearing.[1] Accordingly, the Court shall enter and order granting the Motion to Dismiss.

## II. FACTS

The Debtor filed a voluntary Chapter 7 petition on November 26, 2014. On amended Schedule A-Real Property, he listed an interest in his personal residence located at 160 Andover Street, Wilmington, Massachusetts (the "property") with a value of $462,500. On amended Schedule C-Property Claimed as Exempt, the Debtor claimed the property as exempt pursuant to Mass. Gen. Laws ch. 235, § 34 and Mass. Gen. Laws ch. 188, § 3. He valued the property at $462,500 and his exemption at $500,000. On amended Schedule D-Creditors Holding Secured Claims, the Debtor listed Kelly Murray with a partially secured claim of $188,426.66, Ronald Greenberg with a wholly unsecured claim of $236,339.20, and Ryan David Mannisto with a wholly unsecured claim of $373,949.86, all resulting from executions dated September 30, 2014. On amended Schedule F-Creditors Holding Unsecured Nonpriority Claims, the Debtor did not list any creditors.

The Debtor owned the property with his non-debtor spouse as tenants by the entirety. Less than one year after the commencement of his case, he passed away in Melbourne, Florida. According to the Personal Representative, the Debtor recorded two Declarations of Homestead, one on March 1, 2002, and the other on November 17, 2003.

---

[1] The Court had deemed the Creditors' Objection to Homestead Exemption Claimed by the Debtor a contested matter and issued a pretrial order. The validity of the Debtor's homestead exemption raised factual issues. The issue presented by the Personal Representative's Motion to Dismiss does not.

2

The Debtor's spouse resides in Florida and purchased a home there, ostensibly with her own funds. The Creditors objected to the Debtor's homestead exemption on grounds that that the Debtor did not use the property as his principal residence. They contended that the issue of whether the Debtor's claimed homestead exemption was properly asserted is not affected by the Debtor's death.

**III. DISCUSSION**

The commencement of a bankruptcy case creates an estate comprising "all legal and equitable interests in property as of the commencement of the case." 11 U.S.C. § 541(a). Section 522 of the Bankruptcy Code, however, permits the debtor to exempt property from the bankruptcy estate if certain conditions are met. Property exempted under § 522 is generally "not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case." 11 U.S.C. § 522(c). Federal Rule of Bankruptcy Procedure 1016 provides that, if the debtor passes away during the pendency of a bankruptcy case, "the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death . . . had not occurred." With these precepts in mind, the United States Court of Appeals for the Fifth Circuit has observed that "when a debtor dies during the pendency of his bankruptcy case, he does not become ineligible for exemptions that were available to him on the petition date. A debtor's post-petition death has no effect on the exemptions available to him." *See* <u>Brown v. Sommers (In re Brown)</u>, 807 F.3d 701, 709 (5th Cir. 2015).

Regardless of the validity of the Debtor's claimed homestead exemption, however, the Court's determination of the Personal Representative's Motion is governed by

3

Massachusetts law applicable to tenancies by the entirety. In the instant case, it is undisputed that the Debtor and his non-debtor spouse owned the property as tenants by the entirety and that the non-debtor spouse did not reside in the property as of the petition date. The Creditors rely upon Section 1 of Massachusetts General Laws ch. 209, and Snyder v. Rockland Trust Co. (In re Snyder), 249 B.R. 40, 45 (B.A.P. 1st Cir. 2000), *aff'd,* 2 F.App'x 46 (1st Cir. 2001), arguing that "the entirety dissolves when the property is no longer the primary residence of the nondebtor spouse." Section 1 of Mass. Gen. Laws ch. 209 provides:

> The real and personal property of any person shall, upon marriage, remain the separate property of such person, and a married person may receive, receipt for, hold, manage and dispose of property, real and personal, in the same manner as if such person were sole. A husband and wife shall be equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety.
>
> The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse *so long as such property is the principal residence of the nondebtor spouse*; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family.

Mass. Gen. Laws ch. 209, § 1 (emphasis supplied). In Snyder v. Rockland Trust Co. (In re Snyder), 249 B.R. 40 (B.A.P. 1st Cir. 2000), *aff'd,* 2 F.App'x 46 (1st Cir. 2001), the United States Bankruptcy Appellate Panel for the First Circuit observed the following:

> In two circumstances, property held in a tenancy by the entirety is subject to seizure and execution even before the tenancy is terminated. First, if and when the nondebtor spouse ceases to occupy the property as her or his principal residence, the property is subject to seizure and execution in satisfaction of a lien on the interest of the debtor spouse. G.L. c. 209, § 1. Second, regardless of whether either spouse continues to occupy the

4

> property as the principal residence, the property can be sold in satisfaction of a judicial lien securing an obligation of both parties.

249 B.R. at 45.

The Creditors read the foregoing statute and case as effectuating the termination of the tenancy by the entirety and converting it to a tenancy in common. This construction is unprecedented and inconsistent with case law. In <u>Innis v. Robertson</u>, 67 Mass. App. Ct. 388, 854 N.E.2d 105 (2006), *review denied,* 447 Mass. 112 (2006), the court, referencing <u>Coraccio v. Lowell Five Cents Sav. Bank</u>, 415 Mass. 145, 151, 612 N.E.2d 650 (1993), stated: "[General Laws c. 209, § 1] did not . . . alter the characteristics of the estate itself." <u>Innis v. Robertson</u>, 67 Mass. App. Ct. at 392. The court added:

> While now "either spouse may convey or encumber his or her interest in property held as tenants by the entirety," <u>id.</u> at 152, 612 N.E.2d 650, the right of survivorship of the nondebtor spouse is "indestructible." <u>Id.</u> at 151, 612 N.E.2d 650. Acting on these principles in connection with the giving of a mortgage on real estate held by the entirety, the Supreme Judicial Court stated that "the bank, if it foreclosed, could acquire [the debtor spouse's] interest in the property, namely a right wholly defeasible should the . . . nondebtor spouse[ ] survive [the debtor spouse]." <u>Id.</u> at 152, 612 N.E.2d 650. We see no reason why the same does not apply in the case of an encumbrance created by a judgment. Thus, where the property at issue is not the principal residence of the nondebtor spouse, the judgment creditor is free to seize the debtor spouse's interest subject to dispossession should the nondebtor spouse survive the debtor. Where a principal residence is involved, G.L. c. 209, § 1, precludes such a seizure, but does not prevent a creditor from acquiring a right to the debtor spouse's interest (which will ripen into ownership in the event the debtor spouse survives the nondebtor spouse).

<u>Innis v. Robertson</u>, 67 Mass. App. Ct. at 392 (footnote omitted). *See also* 15 Mass. Prac. § 19:2 Grantees – Tenants by the Entirety (5th ed. 2015) ("In the post-1980 tenancy by the entirety, it is most likely still true that neither husband nor wife can by any separate act

5

defeat the right of the survivor to the entire estate on the death of the other."); 14C Mass. Prac. §15:31 Tenancy by the Entirety (4th ed. 2015) ("Where the property at issue is not the principal residence of the nondebtor spouse, the creditor is free to seize the debtor spouse's interest subject to dispossession should the nondebtor spouse survive the debtor.").

Because the Debtor predeceased his spouse, and the tenancy by the entirety previously was not terminated by divorce, a deed of both parties, or a deed from one spouse to the other, the Debtor's nondebtor spouse, as survivor, now holds the property by operation of law, and it does constitute part of the Debtor's probate estate. *See* In re Snyder, 249 B.R. at 44. Any rights that the Creditors may have obtained by virtue of their executions against the Debtor's interest in the property terminated by operation of law upon the Debtor's death when his non-debtor spouse became sole owner of the property.

**IV. CONCLUSION**

In view of the foregoing, the Court shall enter an order granting the Supplemental Motion to Dismiss the Creditors' Objection to Homestead Exemption Claimed by Debtor and overruling the Creditors' Opposition.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: January 6, 2016

6